IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **QINGDAO CARFLEX AUTO PARTS CO., LTD.,** | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: |
| v. | ) ) ) | Judge: |
| **BRAKE PARTS INC LLC**; and **CWD, LLC**; and **FIRST BRANDS GROUP, LLC**, | ) ) ) ) | Magistrate Judge: |
| Defendants. | ) ) | **Jury Trial Demanded** |

# COMPLAINT

Plaintiff, QINGDAO CARFLEX AUTO PARTS CO., LTD., and for its Complaint against the Defendants, individually, BRAKE PARTS INC LLC, and CWD, LLC, and FIRST BRANDS GROUP, LLC, and collectively (hereinafter "Defendants"), states as follows:

## Parties, Jurisdiction, and Venue

1. Plaintiff, QINGDAO CARFLEX AUTO PARTS CO., LTD. (sometimes hereinafter "Plaintiff" or "Carflex") is a citizen or subject of a foreign state, specifically, China, with its headquarters located at 10 Dazhonger Road, Jimo District, Qingdao, Shandong 266200, China.

- 1 -

2. Defendant, BRAKE PARTS INC LLC (sometimes hereinafter "Defendant" or "Brake Parts" or "BPI"), is a Delaware LLC which had its principal place of business in the City of McHenry, State of Illinois, although its license to conduct business in the State of Illinois was revoked on July 11, 2025. Upon information and belief, since revocation, Brake Parts may currently have its principal place of business in the State of Ohio.

3. Defendant, CWD, LLC (sometimes hereinafter "Defendant" or "Centric"), is a California LLC with its principal place of business in the State of Ohio.

4. Defendant, FIRST BRANDS GROUP, LLC (sometimes hereinafter "Defendant" or "First Brands"), is a Delaware LLC with its principal place of business in the State of Michigan.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship because this civil action is between Plaintiff, a citizen or subject of a foreign state, on the one hand, and the Defendants, who are citizens of U.S. States, on the other hand, and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

6. This Court has specific jurisdiction over the Defendants based on their specific activities or contacts within the forum state that give rise to

the legal claim. The Defendants have "minimum contacts" within the State of Illinois and Plaintiff's claims arise out of or relate to those contacts. There is a clear connection between the Defendants' actions in the State of Illinois and this legal dispute. Defendants have breached contracts and committed tortious and fraudulent acts within this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), and this Court may properly exercise personal jurisdiction over Defendants, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## Introduction

8. This case involves breaches of contract and fraud and other wrongful acts and willful and wanton conduct committed by the Defendants, BPI, Centric, and First Brands, against the Plaintiff, Carflex. The parties' relationship encompasses, at a minimum, July 2024 through April 2025 and beyond. Based upon numerous invoices as set forth in the exhibits, Carflex sold various car parts to Defendants, including, brake hoses. Carflex fulfilled its obligations under the various invoices and contracts by shipping the various car parts to the Defendants. The totality owed by Defendants under the July 2024 through April 2025 invoices, plus interest, amounts to in excess of $2 million. In July 2025, due to ongoing

breaches of contract and lack of payment by Defendants, the parties entered into a Payment Plan, which the Defendants also breached. This action also states a claim for common fraud and fraudulent inducement against the Defendants because the Defendants knew they were not going to be able to fully comply with the contracts or Payment Plan but intentionally induced Plaintiff to enter into the contracts and Payment Plan notwithstanding and on the further promise to ship yet more goods to Defendants beyond and after the scope of the Payment Plan, and Defendants have breached contracts based on those additional invoices as well. Finally, this action brings yet additional claims based on Defendants' wrongful acts.

## Allegations Common to all Counts

9. Carflex has sold goods, namely, car parts, to Defendants since at least July 2024 through April 2025 at a minimum.

10. BPI ordered goods and Centric ordered goods and Carflex sold and delivered its goods to BPI's then-headquarters in McHenry, Illinois as well as to Centric's headquarters in California.

11. Specific invoices are set forth on the Payment Plan entered into between the parties which is attached hereto as **Exhibit A**, which is a true and correct copy of a Payment Plan, and which was created and prepared by Defendants, and each of them, on First Brands' stationery, and which was executed

- 4 -

by Defendants' Chief Corporate Strategy Officer and Secretary, Michael Baker.

12. As set forth in **Exhibit A**, BPI ordered goods from its McHenry, Illinois Headquarters and Centric ordered goods from its California location; and, in return, Carflex sold and delivered goods to BPI's McHenry, Illinois headquarters and to Centric's California location, all of which is represented by dozens and dozens of invoices during that time period.

13. Defendants were able to pay on only some of the invoices which pre-dated the Payment Plan.

14. Defendants were severely in arrears no later than May 2025.

15. Notwithstanding, Defendants desired for the shipments of goods to continue notwithstanding Defendants' inability to pay unbeknownst to Carflex.

16. Carflex put shipments on hold at various times and placed Defendants on an informal payment plan.

17. The parties continued to communicate via email on these subjects beginning at least as early as May 2025 but continued thereafter to be at an impasse.

18. These emails between the parties are represented on **Exhibit B** and range from May 2025 through August 2025. BPI contributed to these emails and communications with Carflex, represented by BPI employees, West Zhong, Fiona

Wang, and R. Jyothsna. No later than May 2025, First Brands, the parent company of BPI and Centric, on behalf of BPI and Centric, and for itself, directed the communications with Carflex and made numerous representations to and agreements with Carflex, for itself and on behalf of BPI and Centric. The First Brand employees directing the communications with and towards Carflex included the following: Chung Lee, Yishell Gomez, and Patricio Lopez. The Carflex employees on these emails included: Sophia Hu, Nicholas Cheung, Wilson Li, Taurus Wang, and Nelson Zhang. (**Exhibit B**)

19. Since Defendants continued to be severely in arrears in payment, and in consideration for, at a minimum, future shipments of goods, Defendants drafted a written Payment Plan agreement (**Exhibit A**) which they entered into with Carflex.

20. Under the written Payment Plan (**Exhibit A**), dated July 9, 2025, as executed by Defendants, Defendants acknowledged that they were indebted to Carflex on numerous outstanding invoices and agreed to pay Carflex in the total amount of $1,986,480.06, plus interest of $66,208.50, for a total due and owing of $2,052,688.56.

21. Under the written Payment Plan, Defendants, including BPI, Centric, and First Brands, agreed to pay Carflex in four installments, as follows:

Installment 1: $762,176.76 on or before August 8, 2025;

Installment 2: $705,636.79 on or before August 15, 2025;

Installment 3: $362,735.76 on or before August 22, 2025; and

Installment 4: $222,139.25 on or before August 29, 2025.

22. In consideration for Defendants entering into the Payment Plan, Carflex shipped additional goods on invoices after the entry of, and that were not subject to, the Payment Plan. (**Exhibit C**)

23. Defendants made payments on Installment 1 which were late.

24. Defendants failed to pay on Installments 2 & 3.

25. Carflex transmitted a Delinquency Demand Notice to Defendants on August 27, 2025 (**Exhibit D**).

26. Defendants paid Installment 4 on a timely basis.

27. Notwithstanding the Delinquency Demand Notice, Defendants have never paid on Installments 2 and 3 nor made any further payments to Carflex.

28. Defendants continue to owe Carflex the outstanding, unpaid amount of $1,068,372.55 under the Payment Plan, plus ongoing interest at the legal rate.

29. The additional goods shipped after, and not subject to, the entry of the Payment Plan were based on invoices in the total amount of $619,375.45,

which amount Defendants also failed and refused to pay and currently owe Carflex, plus ongoing interest at the legal rate. (**Exhibit C**).

30. Thus, the total amount that Defendants currently owe Carflex is $1,687,748.00, plus ongoing interest at the legal rate.

## Causes of Action

**(First Cause of Action – Breach of Contract Against All Defendants)**

31. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this complaint as and for this paragraph 31, as though fully set forth herein.

32. The parties had one or more valid and enforceable contracts, including, but not limited to, under the Payment Plan. There was an offer, acceptance, and consideration agreed to between the parties, including, but not limited to, under the contracts and the Payment Plan. Defendants ordered goods and Carflex agreed to ship the goods in return for payments by Defendants.

33. The contracts had definite and certain terms, including, but not limited to, under the Payment Plan. (**Exhibits A & C**)

34. Carflex performed all or substantially all of the required conditions under the contracts, including, but not limited to, under the Payment Plan, or those conditions were waived or excused by Defendants.

35. Defendants, by their failure to pay, breached the contracts, including, but not limited to, the Payment Plan.

36. Carflex has suffered and sustained compensatory damages thereby proximately caused by the Defendants, in the amount of $1,687,748.00, plus ongoing interest at the legal rate.

37. Moreover, Defendants have acted willfully and wantonly towards Carflex. Defendants continued to enter into the contracts and the Payment Plan when they knew that Defendants were unable to pay and would not pay on the contracts, including, but not limited to, on the Payment Plan.

38. Defendants have further acted willfully and wantonly towards Carflex in that they intended by their statements, representations, and promises to induce Carflex to act, specifically, to induce Carflex to fulfill the shipments and ongoing shipments of goods, as well as make ongoing and future shipments of goods, during the period of the contracts and even after entering into the Payment Plan, when the Defendants knew that they were unable to pay on the contracts and the Payment Plan and further knew that they would not pay on the contracts or the Payment Plan.

WHEREFORE, Plaintiff, Carflex prays for judgment of compensatory and punitive damages to be entered in favor of Plaintiff and against the Defendants,

and each of them, jointly and severally, plus costs and interest at the legal rate.

## (Second Cause of Action – Common Law Fraud / Fraudulent Inducement Against All Defendants)

39. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this complaint as and for this paragraph 39, as though fully set forth herein.

40. Defendants entered into the contracts and invoices for the purchase and sale of goods and represented to Carflex that they had the ability to pay and would pay for Carflex's goods.

41. Those statements, representations, and promises were false statements of material fact because at the time they entered into the contracts the Defendants knew that they were unable to pay on the contracts and would not pay on the contracts because of their inability to do so, and Defendants knowingly and intentionally suppressed and concealed these material facts from Carflex.

42. In addition, those statements, representations, and promises were false statements of material fact because at the time of entering into the Payment Plan, Defendants knew they were unable to pay on the Payment Plan and would not pay on the Payment Plan because of their inability to do so, and Defendants knowingly and intentionally suppressed and concealed these material facts from Carflex.

43. Defendants intended by their statements, representations, and promises to induce Carflex to act, specifically, to induce Carflex to fulfill the shipments and ongoing shipments of goods, as well as make ongoing and future shipments of goods, during the period of the contracts and even after entering into the Payment Plan, when the Defendants knew that they were unable to pay on the contracts and the Payment Plan and further knew that they would not pay on the contracts or the Payment Plan.

44. Carflex relied upon the truth of the Defendants' statements, representations, and promises, and Carflex's reliance was reasonable.

45. Carflex has sustained damages resulting from that reliance and proximately caused by Defendants, as Defendants have failed and refused to pay for the goods and Carflex has made and continued to make further and ongoing shipments of goods for which Defendants have failed and refused to pay.

46. With specific reference to the misrepresentations of promised payments on the contracts, the specific and particular facts of the Defendants' misrepresentations are set forth in the emails from Defendants' employees to Carflex employees between May 2025 through August 2025. (See **Exhibit B**)

47. With specific reference to the misrepresentations of promised payments on the Payment Plan, the specific and particular facts of the Defendants'

misrepresentations are set forth in the Payment Plan itself (see **Exhibit A**) as well as the emails from Defendants' employees to Carflex employees after the entry of the Payment Plan. (See **Exhibit B**)

48. Carflex has suffered and sustained compensatory damages thereby proximately caused by the Defendants, in the amount of $1,687,748.00, plus ongoing interest at the legal rate.

49. Moreover, Defendants have acted willfully and wantonly towards Carflex. Defendants continued to enter into the contracts and the Payment Plan when they knew that Defendants were unable to pay and would not pay on the contracts, including, but not limited to, on the Payment Plan.

50. Defendants have further acted willfully and wantonly towards Carflex in that they intended by their statements, representations, and promises to induce Carflex to act, specifically, to induce Carflex to fulfill the shipments and ongoing shipments of goods, as well as make ongoing and future shipments of goods, during the period of the contracts and even after entering into the Payment Plan, when the Defendants knew that they were unable to pay on the contracts and the Payment Plan and further knew that they would not pay on the contracts or the Payment Plan.

WHEREFORE, Plaintiff, Carflex prays for judgment of compensatory and punitive damages to be entered in favor of Plaintiff and against the Defendants, and each of them, jointly and severally, plus costs and interest at the legal rate.

**(Third Cause of Action – Conversion Against All Defendants)**

51. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this complaint as and for this paragraph 51, as though fully set forth herein.

52. Defendants have assumed unauthorized and wrongful control, dominion, and ownership over Carflex's personalty.

53. Carflex has a right to and in its property.

54. Carflex has the right to the immediate possession of its property, absolutely and unconditionally.

55. Carflex has made a demand for possession of its property or hereby makes demand.

56. Carflex is entitled to the return of all of its goods or the costs thereof.

57. Moreover, Defendants have acted willfully and wantonly towards Carflex. Defendants continued to enter into the contracts and the Payment Plan when they knew that Defendants were unable to pay and would not pay on the contracts, including, but not limited to, on the Payment Plan.

58. Defendants have further acted willfully and wantonly towards Carflex in that they intended by their statements, representations, and promises to induce Carflex to act, specifically, to induce Carflex to fulfill the shipments and ongoing shipments of goods, as well as make ongoing and future shipments of goods, during the period of the contracts and even after entering into the Payment Plan, when the Defendants knew that they were unable to pay on the contracts and the Payment Plan and further knew that they would not pay on the contracts or the Payment Plan.

WHEREFORE, Plaintiff, Carflex prays for the return of its personalty or judgment of compensatory damages as well as punitive damages to be entered in favor of Plaintiff and against the Defendants, and each of them, jointly and severally, plus costs and interest at the legal rate.

**(Fourth Cause of Action – Unjust Enrichment / Restitution Against All Defendants)**

59. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this complaint as and for this paragraph 59, as though fully set forth herein.

60. The Defendants have unjustly retained a benefit, specifically, Carflex's goods, to Carflex's detriment.

61. Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

62. Carflex is entitled to restitution measured by the Defendants' unjust gain.

WHEREFORE, Plaintiff, Carflex prays for a judgment of restitution against the Defendants, and each of them, jointly and severally, plus costs and interest at the legal rate.

**(Fifth Cause of Action – Injunctive Relief Against All Defendants)**

63. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this complaint as and for this paragraph 63, as though fully set forth herein.

64. Carflex is alleging against Defendants herein a right to pre-judgment writ of attachment against Defendants' property under Illinois attachment law.

65. The claim is for money on a contract: the lawsuit involves a claim grounded in an existing contract or contracts between Carflex and the Defendants.

66. The claim amount is fixed and ascertainable, more than $20.

67. The sum is specific and measurable, allowing the court to determine its validity easily.

68. The claim is not already secured by any form of collateral.

WHEREFORE, Plaintiff, Carflex prays for injunctive relief against the Defendants, and each of them.

**(Sixth Cause of Action – Federal Declaratory Judgment Act Against All Defendants)**

69. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this complaint as and for this paragraph 69, as though fully set forth herein.

70. There exists between and among the respective Parties, Carflex and the Defendants, an actual, existing, present, and justiciable controversy over the subject of the parties' contracts and the Payment Plan and over the subject of Carflex's property.

71. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Carflex is entitled to a declaratory judgment to determine the legal rights and duties of the parties with respect to the contracts and the Payment Plan, with respect to one another, and/or in respect to, in, over or upon the property in question.

72. Carflex is also entitled to a declaration of further necessary or proper relief based on the declaratory judgment or decree, under 28 U.S.C. § 2202, after

reasonable notice and hearing, against the Defendants whose rights have been determined by such judgment.

WHEREFORE, Plaintiff, Carflex prays for declaratory relief against the Defendants, and each of them.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: 10/01/2025                                       Respectfully submitted,

By: /s/ James J. Berdelle
James J. Berdelle, Esq.

James J. Berdelle, Esq.
(ARDC #6185089)
Demidchik Law Firm, LLC
150 S Wacker Dr., Ste 3000
Chicago, IL 60606
Tel.: (312) 786-4777
Email: james@dcklawfirm.com
*Attorneys for Plaintiff*